UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 2:17-354** |
| | § | **CIVIL NO. 2:19-78** |
| **KEVIN RAY MCMILLAN,** | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Kevin Ray McMillan filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 36), to which the United States of America (the "Government") responded (D.E. 47). Movant was thereafter granted leave to file an amended § 2255 motion (D.E. 48), which the Government moved to dismiss as untimely (D.E. 49).

**I. BACKGROUND**

Movant pled guilty to sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and 2251(e). His plea was pursuant to a written plea agreement in which he and the Government agreed to a recommended 240-month sentence, and he waived his right to appeal or collaterally attack his conviction or sentence except to raise a claim of ineffective assistance of counsel.

At rearraignment, the Government described the evidence that would support a conviction:

- The 14-year-old victim, Jane Doe, identified Movant to Corpus Christi Police Department (CCPD) officers and admitted to texting and sending him nude photos of herself at his request. She stated that she engaged in sexual acts with Movant at his recording studio, including digital and oral penetration.

- Text messages between Movant and Jane Doe revealed that he asked her to take and send him a picture of her nude body. Investigators discovered a photograph on Jane Doe's iPhone entitled keepsakeimage.jpeg depicting a mouth performing oral sex

1

- on a female. Jane Doe was questioned about the image and admitted taking it at Movant's request using her own cellphone.

- In an interview with the CCPD, Movant stated that Jane Doe sent him nude photos of herself at his request. He identified the image of the male performing oral sex on a female as being Jane Doe and himself, but he denied asking her to take the photo.

10/16/2017 Rearraign. Tr., D.E. 41, pp. 13–17. When asked whether the facts recited by the Government were correct, Movant replied, "Yes, sir." *Id*. at 17.

The Presentence Investigation Report (PSR, D.E. 25) calculated Movant's base offense level at 32. Two levels were added under U.S.S.G. § 2G2.1(b)(1)(B) because the victim was 14 years old; two levels were added under U.S.S.G. § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act; two levels were added under U.S.S.G. § 2G2.1(b)(5) because the minor victim was in Movant's custody, care, or supervisory control; and two levels were added under U.S.S.G. § 2G2.1(b)(6)(B) because the offense involved the use of a computer or an interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct; and (ii) solicit participation by a minor in such conduct. After credit for acceptance of responsibility, Movant's total offense level was 37. With a Criminal History Category of I, his advisory Guideline range was 210–262 months. At sentencing, the Court adopted the PSR without change and sentenced Movant to 240 months' imprisonment as agreed upon by the parties, to be followed by 10 years' supervised release. Movant was also ordered to pay restitution in the amount of $18,066.00.

Judgment was entered February 27, 2018. Movant did not appeal. He filed his original § 2255 motion on February 26, 2019, and an amended § 2255 motion on July 10, 2019.

## II. MOVANT'S ALLEGATIONS

Movant's original § 2255 motion alleges that counsel was ineffective for failing to request an evidentiary hearing regarding whether Movant had knowledge that Jane Doe had taken photographs or video of them performing sexual acts. Movant's amended § 2255 motion alleges that counsel was ineffective for failing to challenge the two-level enhancement under U.S.S.G. § 2G2.1(b)(5) because the minor victim was in Movant's custody, care, or supervisory control.

## III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

## IV. STATUTE OF LIMITATIONS

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth

---

2. The statute provides that the limitations period shall run from the latest of:

   (1) the date on which the judgment of conviction becomes final;

3

Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Movant's conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. FED. R. APP. P. 4(b). Judgment was entered on February 27, 2018. Movant's conviction therefore became final on March 13, 2018. Movant's original § 2255 motion, filed February 26, 2019, was timely. However, he did not file his amended § 2255 motion until July 10, 2019.

Because Movant's amended § 2255 motion was filed outside AEDPA's one-year statute of limitations, the Court must determine whether the claim raised in the amended § 2255 motion "relates back" to his first filing so as to render it timely. *See Mayle v. Felix*, 545 U.S. 644, 657–59 (2005) (examining the interaction between AEDPA's statute of limitations and the relation-back provision of FED. R. CIV. P. 15(c)). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659 (citing *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982); 6A C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1497, p. 85 (2d ed.1990)).

---

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Finally, equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365. Movant has presented no facts that would suggest that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely asserting the new claim raised in his amended § 2255 motion.

## V. ANALYSIS

### A. Ineffective Assistance of Counsel

#### 1. Timeliness of Claims

Although Movant complains of ineffective assistance of counsel (IAC) in both his original and amended motions under § 2255, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision." *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). Rather, the Court must decide whether Movant's amended § 2255 motion presents "'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Id.* (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

Movant's original § 2255 motion alleges that counsel was ineffective for failing to request an evidentiary hearing regarding whether Movant had knowledge that Jane Doe had taken photographs or video of them performing sexual acts. Movant's amended § 2255 motion alleges that counsel was ineffective for failing to challenge the two-level enhancement because

the minor victim was Movant's custody, care, or supervisory control. The Court finds the IAC claim raised in Movant's amended § 2255 motion does not share a "common 'core of operative facts'" with the claim raised in Movant's original motion, and therefore does not relate back to his original filing. *See Mayle*, 545 U.S. at 659. Accordingly, this claim does not relate back to Movant's original § 2255 motion and is time-barred under AEDPA.

**2. IAC Standard**

An IAC allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on an IAC claim, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *Armstead v. Scott*, 37

F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter*, 131 F.3d at 463.

3. Analysis

Movant pled guilty to sexual exploitation of a child. To sustain a conviction, the Government was required to prove beyond a reasonable doubt that Movant knowingly employed, used, persuaded, induced, enticed, and coerced Jane Doe to engage in sexually explicit conduct for the purpose of producing any visual depictions of such conduct, knowing and having reason to believe that such visual depictions would be transported or transmitted using any means or facility of interstate commerce, and that such visual depictions were produced and transmitted using means that have been mailed, shipped, and transported in and affecting interstate commerce. 18 U.S.C. § 2251(a); Indictment, D.E. 8.

Movant argues he didn't have knowledge that Jane Doe had taken any photographs or videos of them performing sexual acts, and that counsel should have requested an evidentiary hearing to compel the Government to prove that he did have knowledge. This claim must fail. First, if Movant did not have knowledge—an essential element of the offense—then he should have proceeded to trial and required the Government to prove beyond a reasonable doubt that he knew the victim took a photo of them engaging in sexual acts. *See United States v. Hickman*, 331 F.3d 439, 434 (5th Cir. 2003) ("[A] defendant is entitled to have all the essential elements of a charged offense submitted to a jury and proven beyond a reasonable doubt."). Moreover, it was not just the photograph of Movant performing oral sex on Jane Doe that gave rise to the instant offense. As detailed at rearraignment and in the PSR, Jane Doe sent Movant nude photos at his request that she had taken "with the purpose of eliciting a sexual response from the viewer." *See United States v. Bevers*, 329 F. App'x 518, 519 (5th Cir. 2009); Rearraign. Tr. at 13–17; PSR ¶

8. Finally, as the Government stated at sentencing, the most important consideration behind the plea agreement and agreed-upon sentence of 240 months was "to prevent the victim from having to testify in any type of proceeding in the future." 2/20/2018 Sent. Tr., D.E. 44, p. 19. For these reasons, counsel's advice to not request an evidentiary hearing was reasonable. This claim is denied.

## VI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VII. CONCLUSION

For the foregoing reasons, Movant's motion and amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 36, 48) are **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 3rd day of September, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE